USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 1 9 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
YUREK SYRNIK,                             :
                                          :
                      Plaintiff,          :     11 Civ. 7754 (KBF)
                                          :
         -v-                              :     OPINION AND ORDER
                                          :
POLONES CONSTRUCTION CORPORATION,         :
                                          :
                      Defendant.          :
                                          :
------------------------------------------X

KATHERINE B. FORREST, District Judge:

   Now before the Court is plaintiff Yurek Syrnik's ("plaintiff" or "Syrnik") application for attorneys' fees, costs, and interest. For the following reasons, the Court grants plaintiff's application in part, and awards him: (1) $142,250.00 in attorneys' fees, (2) $9,535.49 in costs, (3) pre-judgment interest for his back-pay award, and (4) post-judgment interest.

   I. BACKGROUND

   In October 2011, plaintiff brought this action against defendant Polones Construction Corp. ("defendant" or "Polones") alleging unlawful employment practices under Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law, and the New York City Human Rights Law. After a trial on July 16 and 17, 2012, the jury rendered a verdict for

1

plaintiff, and on August 3, 2012, a judgment was entered against defendant for approximately $606,000.

Syrnik timely moved for attorneys' fees and costs on August 15, 2012. Under Federal Rule of Civil Procedure 6 and Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendant's response was due Tuesday, September 4, 2012. On September 4, 2012, defendant timely filed a notice of appeal in this action, but did not then file (and still has not filed) a response to plaintiff's motion for attorneys fees and costs. On September 5, 2012, plaintiff e-mailed the Court, copying defendant, requesting that the Court grant plaintiff's motion as unopposed. Defendant has not subsequently contacted the Court to oppose plaintiff's motion.

II. DISCUSSION

A. Jurisdiction

The Court has a duty to ensure that it has subject matter jurisdiction before acting, even if "no party has called the matter to the court's attention." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (citing Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)).

Such an inquiry is appropriate here, as the filing of a notice of appeal "confers jurisdiction on the court of appeals

2

and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Nevertheless, the filing of notice of appeal does not strip the district court of its jurisdiction completely. In particular, district courts retain "residual jurisdiction over collateral matters, including claims for attorneys' fees." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004); see also Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1055-56 (2d Cir. 1995) (affirming district court's jurisdiction over costs as a collateral matter, despite voluntary dismissal).

Because the Court addresses only the collateral matters of fees, costs, and interest, the Court has jurisdiction to resolve this motion, despite defendant's notice of appeal.

    B. Attorneys' Fees

The Court may, in its discretion, award costs and a reasonable attorney's fee to the "prevailing party" in an action under Title VII, Section 1981, and the New York City Human Rights Law. 42 U.S.C. § 2000e-5(k); id. § 1988; N.Y.C. Admin. Code § 8-502(f). Although the Court's discretion is broad, that discretion is constrained by "a presumption that successful civil rights litigants should ordinarily recover attorneys' fees unless special circumstances would render an award unjust." Raishevich v. Foster, 247 F.3d 337, 344 (2d Cir. 2001) (citing

Kerr v. Quinn, 692 F.2d 875, 877 (2d Cir. 1982)). This fee-shifting policy has the salutary effect of encouraging civil rights litigants to act as private attorneys general, enforcing important federal policies even when the financial stakes are low. See Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402 (1968). Where this incentive is unnecessary -- such as when the plaintiff's claims are strong on the merits and likely to result in a substantial judgment -- then the Court may deny fees if "an award of such fees might work an injustice." Raishevich, 247 F.3d at 345 (quoting Kerr, 692 F.2d at 877).

An award of attorneys' fees is appropriate here. Plaintiff unquestionably prevailed on claims that permit him to recover attorneys' fees. (See Jury Verdict Form, ECF No. 40.) While plaintiff's claims were strong on the merits, the size of his eventual recovery was not obvious given the short amount of time that he worked for defendant. (See Compl. ¶¶ 10-21, ECF No. 1.) Moreover, the parties have pointed to no evidence that an award of attorneys' fees would work an undue hardship on defendant, and the Court knows of none. Accordingly the Court will not exercise its discretion to withhold attorneys' fees from Syrnik.

When approving attorneys' fees, the Court must not only decide whether fee shifting is appropriate; it must also decide the size of the fee to which the prevailing party is entitled. This "presumptively reasonable fee" is determined "by

4

multiplying a reasonable hourly rate by the number of reasonably expended hours." Bergerson v. N.Y. State Office of Mental Health, 652 F.3d 277, 289 (2d Cir. 2011). The determination is to be grounded in what a "reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 184 (2d Cir. 2007).[1]

Here, plaintiff requests an award of attorneys' fees based on the following rates:

- $450.00 for three senior attorneys working a total of 218.99 hours;
- $325.00 for one junior attorney working 80.29 hours;
- $250.00 for two senior paralegals working a total of 224.32 hours; and
- $175.00 for five junior paralegals working a total of 83.65 hours.

In total, plaintiff requests an award of attorneys' fees of $196,258.50.

In light of the prevailing rates in Manhattan for civil rights attorneys of comparable skill, the Court finds these hourly rates to be reasonable. See, e.g., Marchisotto v. City of New York, No. 05 Civ. 2699, 2009 WL 2229695, at *7 (S.D.N.Y.

---

[1] This Court approaches such an inquiry with some hesitation, given that it is not a paying client, that it will not pay the fees awarded, that the attorney and client have already arranged their (presumably reasonable) fee agreement, and that the Court must award a fee based on an hourly rate for work that is generally taken on a contingent-fee basis.

5

July 27, 2009) (approving a fee of $400.00/hour for similar work in this jurisdiction and noting the approval of higher rates by courts in this district). The reasonableness of these rates is further supported by the representation of plaintiff's counsel that their firm charges "numerous clients in this District . . . hourly billable rates in excess of those requested here." (Pl.'s Br. for Attorneys' Fees & Costs, ECF No. 55.)

Nevertheless, the Court finds that, given the straightforward nature of this action and the relatively small amount of evidence needed to prove plaintiff's claims, the number of hours worked is more than reasonably necessary. Instead, the Court finds that a reasonable, paying client would be willing to pay for 190 hours of time from senior attorneys, forty hours of time from junior attorneys, and 175 hours of time total from (senior) paralegals. On that basis, the Court finds that the presumptively reasonable fee to which plaintiff is entitled is $142,250.00.

### C. Costs

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to the costs of the suit. These costs include: "(1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the

costs of making copies of any material where the copies are necessarily obtained for use in the case; (5) docket fees under [28 U.S.C. § 1923]; and (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]." 28 U.S.C. § 1920; see also Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 298 (2006).[2]

Plaintiff has submitted to the court a bill of costs along with supporting documentation, requesting a total of $9,959.03. Because plaintiff is a prevailing party and because most of the costs plaintiff submitted fall within those recoverable by a prevailing party under Federal Rule of Civil Procedure 54 (and Local Rule 54.1), the Court awards plaintiff $9,535.49 in costs.[3]

### D. Pre- and Post-Judgment Interest

Courts have the discretion to award pre-judgment interest absent statutory language to the contrary. Whether to award pre-judgment interest "should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved,

---

[2] In this District, certain costs associated with transcripts, depositions, witness fees, copying, docket fees, and other miscellaneous fees are also explicitly taxable for the prevailing party. See Local Rule 54.1.

[3] Plaintiff's bill of costs included three entries with insufficient detail for the Court to determine whether they should be taxable to defendant. (See Graff Decl., Ex. C, at 1-2, ECF No. 57 ("Other / Jon Myers: Manta Expense," "Other / Jon Myers: AYG Expenses," "Other / Jon Myers: MSH Expense").) Those items come to a total of $423.54. Accordingly, the Court disallows $423.54 of plaintiff's requested costs.

7

and/or (iv) such other general principles as are deemed relevant by the court." Wickham Contracting Co. v. Local Union No. 3, 955 F.2d 831, 833-34 (2d Cir. 1992). In considering these factors, courts have allowed pre-judgment interest for back pay awards for civil rights plaintiffs. See, e.g., Loeffler v. Frank, 486 U.S. 549, 558 (1988); Miner v. City of Glenn Falls, 999 F.2d 655, 662 (2d Cir. 1993).

Here, an award of pre-judgment interest is particularly appropriate. Such an award comports both with the goal of the back pay remedy -- to compensate the plaintiff fully for her injury -- and with the remedial purposes of Title VII. Indeed, in the Title VII context, the Second Circuit "has held that it is ordinarily an abuse of discretion not to include pre-judgment interest in a back-pay award." Clark v. Frank, 960 F.2d 1146, 1154 (2d Cir. 1992) (quoting Donovan v. Sovereign Sec., Ltd., 726 F.2d 55, 58 (2d Cir. 1984)) (internal quotation mark omitted). Accordingly, plaintiff is entitled to pre-judgment interest for that portion of his judgment constituting an award of back pay.[4]

Finally, plaintiff is also entitled to post-judgment interest. Post-judgment interest is awarded as a matter of

---

[4] The Court does not read Plaintiff's motion for fees, costs, and interest to seek pre-judgment interest on his award of punitive damages. (See Pl.'s Br. for Attorneys' Fees & Costs 17-18, ECF No. 55.) That decision was sensible, as it is "well-settled . . . that penalties do not carry prejudgment interest." Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 169 F.3d 110, 114 (2d Cir. 1999).

course for any money judgment, included the judgment awarded in this action. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); see also Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 55 (2d Cir. 1998).

III. CONCLUSION

For the foregoing reasons, plaintiff's motion for attorneys fees, costs, and interest is granted in part and denied in part. It is hereby

ORDERED that defendant shall pay plaintiff: (1) $142,250.00 in attorneys' fees, (2) $9,535.49 in costs, (3) pre-judgment interest on plaintiff's award of back pay, and (4) post-judgment interest on all money judgments awarded in this action.

SO ORDERED:

Dated:   New York, New York
         September 19, 2012

_____
KATHERINE B. FORREST
United States District Judge